UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 12-104(RHK)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| v. | ) | |
| | ) | |
| SAMUEL JAMES JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its attorneys, B. Todd Jones, United States Attorney for the District of Minnesota, and Andrew R. Winter, Assistant United States Attorney, submits this memorandum in connection with the sentencing of defendant Samuel James Johnson.

On June 6, 2012, Defendant Johnson pleaded guilty to being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g). The Presentence Report (PSR) calculated a total offense level of 27, however due to his status as an Armed Career Criminal, § 4B1.4 increases his total offense level to 30. Johnson's criminal history category is IV (see PSR ¶¶ 9-14) which results in a guidelines range of 135-168 months imprisonment. However, pursuant to Title 18 U.S.C. § 924(e)(1), the applicable mandatory minimum is 180 months. For the reasons discussed below, the government respectfully requests a sentence of 180 months.

The Court must determine what constitutes a reasonable sentence as guided by the factors of Title 18, United States Code, Section 3553(a). As a first step, the Court must determine the

applicable Sentencing Guidelines.  Although the Guidelines are advisory, the Court must "remain cognizant of them throughout the sentencing process." Gall v. United States, 552 U.S. 38, 50 n.6 (2007).  Indeed, a court may "'rest [its] decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case' if the court finds that the case before it is typical." United States v. Robinson, 516 F.3d 716, 718 (8th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 357 (2007)). In addition to considering the Guidelines, Section 3553(a) requires the Court to analyze a number of factors, including the nature and circumstances of the offense, the history and circumstances of the defendant, the need for the sentence to reflect the seriousness of the offense, the need for deterrence, the need to protect the public from further crimes of the defendant, and the need to avoid unwarranted disparities.  18 U.S.C. § 3553(a).  When viewing these factors in light of the information presented in the PSR, the Government believes that a sentence of 180 months is appropriate in this case.

**Analysis of Factors Under Title 18 U.S.C. § 3553(a)**

I.   Nature and Circumstances/Seriousness of the Offense. The offense conduct in which the defendant engaged is serious.  Johnson possessed multiple firearms over an extended period of time under circumstances which presented a danger to himself, his family and

the community at large. Johnson's fascination with firearms - when accompanied by the extreme views he expressed throughout the underlying investigation - paints a troubling picture.

II. <u>History and Circumstances of the Defendant</u>. The defendant is truly a "career criminal." His history is one of violating the law on a regular basis from his early teens until his arrest on the present charge at age 32. At just 12 years old, Johnson became involved in the criminal justice system. As an adult he graduated to felon-level conduct which resulted in jail sentences and probation (see PSR ¶ 41). A few years later, he again participated in a robbery that resulted in an extended term of probation (see PSR ¶ 43). While on probation for robbery, Johnson committed two additional felonies - one involving the sale of simulated controlled substances (see PSR ¶ 44) and the other involving the possession of a sawed-off shotgun[1] and marijuana packaged for distribution (see PSR ¶ 45). This persistent criminal conduct suggests a lengthy prison sentence for Johnson's current felony is appropriate and necessary.

III. <u>Deterrence/Protection of the Public</u>. A sentence of 180 months in prison will serve both to protect the public from his

---

[1] The Eighth Circuit has recently re-affirmed its position that possession of a short shotgun qualifies as a predicate conviction under the Armed Career Criminal Act. <u>See</u> <u>United States v. Lillard</u>, 685 F.3d 773 (8th Cir. 2012).

3

criminal activities and will deter the defendant and others from similar conduct.

    IV.  <u>Avoiding Unwanted Disparities</u>. A sentence of 180 months will also serve to avoid unwanted disparities between Johnson and other defendants who have been convicted of similar crimes, to wit, possessing a firearm after having been convicted of three separate qualifying violent felonies.

**CONCLUSION**

When viewing these factors in light of the information presented in the PSR, the Government believes that a sentence of 180 months is fair and appropriate.

Dated: August 24, 2012                Respectfully Submitted,

                                            B. TODD JONES
                                            United States Attorney

                                            *s/ Andrew R. Winter*

                                            BY: ANDREW R. WINTER
                                            Assistant U.S. Attorney
                                            Attorney ID No. 0232531